UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-306-KDB-SCR

| | |
|---|---|
| **CHRISTOPHER R. RUTLEDGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **FBI, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [Doc. 4].

## I. BACKGROUND

The incarcerated Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1 at 3]. The Complaint was dismissed as frivolous on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 5]. The Amended Complaint is now before the Court for initial review. [Doc. 8].

The Plaintiff again names as Defendants numerous individuals, private companies, and government entities; he also names as "Criminal Defendants" various educational institutions, private companies, and individuals. [Doc. 8-1 at 21-22]. His alleges *inter alia* that the "criminal Defendants have built and concealed Neuroprosthetic BrainMind, psyche and anatomy technologies…" without Plaintiff's consent. [Doc. 8-1 at 1]. He seeks: a hearing; an order requiring the Defendants to respond to his FOIA requests and to provide him with discovery; transfer to a

location where "no technologies can access [him]…;" and for the Defendants to be criminally prosecuted. [Id. at 12, 17-18].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Amended Complaint suffers from the same deficiencies as the original Complaint and it fails initial review for the reasons previously discussed. [See Doc. 5]. The Plaintiff's increasingly bizarre filings are so outlandish and unmoored from reality that the Court finds this entire action to be frivolous. See 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A; Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to

the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Accordingly, this action will be dismissed with prejudice, as it is clear that no amendment would cure the deficiencies noted herein. See United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted); see also Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

**The Plaintiff is cautioned that any further frivolous filings in this Court may result in the imposition of sanctions including a pre-filing injunction.**

IV. **CONCLUSION**

In sum, the Amended Complaint fails initial review as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A and this action is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 8] fails initial review, and this action is **DISMISSED WITH PREJUDICE**.

2. **The Plaintiff is cautioned that any further frivolous filings in this Court may result in the imposition of sanctions including a pre-filing injunction.**

3. The Clerk is respectfully instructed to terminate this action and to enter a Clerk's Judgment.

**IT IS SO ORDERED.**

Signed: June 11, 2025

Kenneth D. Bell
United States District Judge