**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00306-KDB-SCR**

| | |
|---|---|
| **CHRISTOPHER R. RUTLEDGE,** | |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **FBI; ET AL,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration, asking the Court to change its previous Order dismissing this action. (*See* Doc. Nos. 9, 17). Plaintiff has already appealed that dismissal Order to the United States Court of Appeals for the Fourth Circuit, which affirmed the dismissal (Doc. No. 15). Further, Plaintiff has not established any grounds under the governing Federal Rule of Civil Procedure 60 to justify reconsideration. *See Das v. Mecklenburg Cnty. Superior Ct. Admin.*, No. 323CV00514KDBSCR, 2024 WL 790393, at *1 (W.D.N.C. Feb. 26, 2024) (describing the basis on which a court may grant the "extraordinary remedy" of setting aside a final judgment).

For many reasons, a plaintiff cannot repeatedly file motions or additional causes of action when they don't get the outcome they want. Nor can they file similar causes of action that arise from the same set of events as a means of circumventing an unfavorable final decision on the merits. Thus, Plaintiff's Motion for Reconsideration is **DENIED,** and further filings raising the same issues and arguments are not permitted. *See Blue v. Caldwell Cmty. Coll.*, No. 5:24-CV-00260-KDB-SCR, 2025 WL 492013, at *1 (W.D.N.C. Feb. 13, 2025).

1

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 7, 2026

Kenneth D. Bell
United States District Judge

2